```
         IN THE UNITED STATES DISTRICT COURT
       FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

```
CHARLES SIMS, et al.            :       CIVIL ACTION
                                :
          v.                    :
                                :
VIACOM, INC., et al.            :       NO. 09-3521
```

MEMORANDUM

Bartle, C.J.                                    November 17, 2009

Before the court is the motion of defendant Viacom, Inc. ("Viacom") to dismiss the amended complaint for failure to state a claim upon which relief can be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure.[1]

On January 23, 2009, plaintiffs Charles Sims and Allison Jordan filed a lawsuit against defendants Viacom, VH1, 51 Minds Entertainment, LLC, Cris Abrego, and Chris Abrego Productions LLC in the Court of Common Pleas of Philadelphia County. On August 3, 2009, defendants filed a notice of removal to this court based on diversity of citizenship.[2]

---

1. In this motion, defendant Viacom also contends that defendant VH1 is the trademark name of a cable television programming service operated by Viacom and is not a legal entity capable of being sued. Plaintiffs do not counter this contention. We will, therefore, dismiss the complaint as to defendant VH1.

2. Separately pending before the court is the motion to dismiss for lack of personal jurisdiction by defendants 51 Minds Entertainment, LLC, Cris Abrego, and Chris Abrego Productions LLC.

For purposes of a motion to dismiss under Rule 12(b)(6), we must take all well-pleaded facts as true and draw all reasonable inferences in the plaintiff's favor. See Erickson v. Pardus, 551 U.S. 89, 94 (2007). We also may consider undisputed documents alleged or referenced in the complaint. See Faulkner v. Beer, 463 F.3d 130, 133-35 (2d Cir. 2006); Kaempe v. Myers, 367 F.3d 958, 965 (D.C. Cir. 2004); Alternative Energy, Inc. v. St. Paul Fire and Marine Ins. Co., 267 F.3d 30, 33 (1st Cir. 2001).

Plaintiffs allege that they entered into negotiations with Viacom to sell their proposal or "treatment" for a reality television show called "Ghetto Fabulous." When they submitted their proposal, they signed a Submission Release Form. Plaintiffs assert that, after months of negotiations during which defendants expressed interest in their idea, defendants falsely told plaintiffs that they were no longer interested and then proceeded to produce the show under the name "Charm School," without giving plaintiffs proper credit or compensation. Plaintiffs plead claims for: (1) breach of contract; (2) breach of an implied contract; (3) fraud; (4) negligent misrepresentation; and (5) theft by conversion. Defendant Viacom argues that the plaintiffs have failed to state a cognizable claim for any of the counts contained in their complaint.

We turn first to Viacom's contention that all of plaintiffs' claims are time-barred based on a provision in the submission release. All parties agree that plaintiffs signed a

submission release that governs their rights against Viacom regarding the reality show "treatment."  Viacom alleges that plaintiffs signed a copy of their standard submission release, which they attached to their motion to dismiss.  According to Viacom, its standard submission release contains a provision that requires all controversies "arising out of or in connection with this agreement, including without limitation any claim that MTVN has used any legally protectable portion of your Material in violation of the terms hereof" to be brought within six months "after the date on which you first learned (or reasonably should have been aware) of MTVN's use or intended use of any portion of the Material."  Viacom argues that plaintiffs admit their awareness of "Charm School" by May 21, 2007 but failed to file their complaint until January 23, 2009, well after the six-month limitations period elapsed.

Viacom's argument that plaintiffs' claims are time-barred is unavailing at this time.  We cannot, at this stage of the proceedings, consider the standard submission release as binding on plaintiffs.  Neither party has yet been able to produce the actual, signed release.  Plaintiffs do not concede that the unsigned release produced by Viacom is identical to the one that they signed.  We must consider only plaintiffs' allegations with regard to the terms of the release as alleged in the complaint.  Plaintiffs do not acknowledge any limitations provision  in their complaint and do not concede that one existed

in the submission release that they signed. Thus, Viacom's argument as to the existence of a time-bar is premature.

Viacom further argues that plaintiffs have failed to state claims for breach of contract (count 1) and breach of an implied contract (count 2). Viacom maintains that plaintiffs failed to attach the alleged contract or set forth its essential terms and that the submission release makes clear that Viacom had no obligations to plaintiffs with respect to their unsolicited "treatment." As discussed above, at this stage, we will not consider the standard submission release proffered by Viacom but will only consider the allegations regarding the contract contained in the complaint. Plaintiffs allege that the submission release contained "various rights and financial benefits" for them should Viacom produce a television show based on the "treatment" that they submitted. They claim that Viacom produced such a show, titling it "Charm School" rather than "Ghetto Fabulous," but failed to compensate them for its use. Plaintiffs have pleaded facts sufficient to make out plausible contractual claims. Consequently, we will deny Viacom's motion to dismiss count 1 (breach of contract) and count 2 (breach of an implied contract).[3]

---

3. Viacom also argues that plaintiffs' claim for breach of an implied contract, as well as their claim for conversion, must fail because plaintiffs' idea lacked "novelty." At this stage, it is too early for the court to accurately determine whether the plaintiffs' "treatment" or proposal truly contained any novel ideas. The cases Viacom cites encouraging us to decide this as a matter of law are inapposite. They either dismiss contractual
(continued...)

Viacom argues that the court should dismiss plaintiffs' claims for fraud (count 3) and negligent misrepresentation (count 4) because the amended complaint does not plead either claim with sufficient specificity. Unlike other claims, which are governed by Rule 8(a) of the Federal Rule of Civil Procedure, claims of fraud or mistake must be pleaded with particularity under Rule 9(b). Specifically, plaintiffs must plead facts describing the identity of the person who made the fraudulent statement, as well as the time, the place, and the content of the statement. In re Rockefeller Ctr. Props. Sec. Litig., 311 F.3d 198, 217 (3d Cir. 2003). Plaintiffs must set forth the "who, what, where, when and how" of the events at issue. Id. Plaintiffs have not contested Viacom's motion to dismiss their fraud claim (count 3). We therefore will grant Viacom's motion to dismiss this claim for failure to plead it with the requisite particularity.

While fraud falls squarely within the heightened pleading standard required by Rule 9(b), claims of negligent misrepresentation are subject to notice pleading under Rule 8(a). See, e.g., Hanover Ins. Co. v. Ryan, 619 F. Supp. 2d 127, 142 (E.D. Pa. 2007), Brandow Chrysler Jeep Co. v. DataScan Technologies, 511 F. Supp. 2d 529, 537 (E.D. Pa. 2007), Floyd v. Brown & Williamson Tobacco Corp., 159 F. Supp. 2d 823, 834 (E.D. Pa. 2001). Plaintiffs must simply state sufficient factual

---

3.(...continued)
claims at the summary judgment stage or deal with claims for misappropriation of a novel idea.

matter to make it plausible that their claim is true.  See Bell
Atlantic Corp. V. Twombly, 550 U.S. 544, 570 (2007); accord
Ashcroft v. Iqbal, 556 U.S. ---, 129 S. Ct. 1937 (2009).

Plaintiffs contend that they have pleaded sufficient facts to make out the elements of a negligent misrepresentation claim under Pennsylvania law.  Defendants counter that New York law controls and that plaintiffs have failed to plead the requisite elements under New York law.

We will decline to decide, at this stage, which law applies because plaintiffs' claim meets the pleading standard under either Pennsylvania or New York law.  Under Pennsylvania law, the tort of negligent misrepresentation consists of four elements:  (1) The defendant made a misrepresentation of material fact, (2) with knowledge of its falsity, (3) with the intent to induce the plaintiff to act on it, and (4) injury must result to the plaintiff, acting in justifiable reliance on the misrepresentation.  See Bortz v. Noon, 729 A.2d 555, 561 (Pa. 1999).  Under New York law, negligent misrepresentation has three elements:  (1) The existence of a special or privity-like relationship imposing a duty on the defendant to impart correct information to the plaintiff; (2) that the information was incorrect; and (3) reasonable reliance on the information. J.A.O. Acquisition Corp. v. Stavitsky, 863 N.E.2d 585 (N.Y. 2007).

If Pennsylvania law governs, plaintiffs have sufficiently pleaded that Viacom agents made representations

"falsely and negligently, with knowledge that the representations were false" and have described their reliance and inability to further market their proposal. If New York law governs, plaintiffs have adequately pleaded "a duty upon the Defendant to exercise care toward the plaintiff" with regard to the proposal and submission release, the falsity of the representations made to them, and their reliance. These allegations provide notice to Viacom regarding the allegations and state a claim that is plausible on the facts pleaded. See Twombly, 550 U.S. at 570.

Finally, Viacom alleges that plaintiffs' claim for theft by conversion (count 5) fails. Viacom maintains that one cannot convert an idea and, even if one could, such a claim would be preempted by the Copyright Act of 1976. 17 U.S.C. §§ 101-810. Even assuming that plaintiffs could bring such a claim under state law, it would be preempted by the Copyright Act.

Federal copyright law expressly preempts any state law claims that (1) fall within the subject matter of copyright and (2) create rights that are the equivalent of the exclusive rights created by copyright law. 17 U.S.C. § 301(a); see also Orson, Inc. v. Miramax Film Corp., 189 F.3d 377, 382 (3d Cir. 1999). Sections 102 and 103 of the Copyright Act define copyright's subject matter to include literary works; musical works; dramatic works; pantomime and choreography; pictural, graphical, and scupltural works; motion pictures and audiovisual works; sound recordings; architectural works; and certain kinds of compilations and derivative works. 17 U.S.C. §§ 102-03. Section

106 lists the exclusive rights that belong to copyright owners. They are: (1) reproduction; (2) preparation of derivative works; (3) distribution by sale, rental, lease or lending; (4) public performance, in the case of motion pictures or audiovisual works; and (5) public display of individual images from motion pictures or audiovisual works. 17 U.S.C. § 106; Orson, 189 F.3d at 382. However, "if a state cause of action requires an extra element, ... then the state cause of action is qualitatively different from, and not subsumed within, a copyright infringement claim and federal law will not preempt the state action." Dun & Bradstreet Software Servs. v. Grace Consulting, Inc., 307 F.3d 197, 217 (3d Cir. 2002).

The subject matter of plaintiffs' conversion claim, whether considered a literary work (as embodied in the "treatment" or proposal) or an audiovisual work (as embodied in the television series), falls within the subject matter of the Copyright Act.[4] Similarly, in whatever way plaintiffs construe the rights infringed by the alleged conversion, they are the equivalent of the exclusive rights protected by the Copyright Act. Unless theft by conversion includes an extra element, plaintiff's claim will be preempted.

---

4. Plaintiffs' assertion that the claim for conversion is premised upon the theft or retention of the actual, physical document of the treatment is unavailing as plaintiffs concede that they *voluntarily* and *without solicitation* sent their treatment to Viacom.

Plaintiffs contend that their claim falls outside the Copyright Act's preemption because it was the misappropriation of a trade secret based on Viacom's disclosure of confidential information. Plaintiffs are correct that courts in this circuit have found some claims for misappropriation of trades secrets not to be preempted by the Copyright Act because those claims contain the extra element of a violation of the defendant's duty to keep the material confidential. See Long v. Quality Computers & Applications, 860 F. Supp. 191, 197 (M.D. Pa. 1994); see also FedEx Ground Package Sys. v. Applications Int'l Corp., 2008 U.S. Dist. LEXIS 107896, *43 (W.D. Pa. Sept. 12, 2008); Bieg v. Hovnanian Enters., Inc., 1999 U.S. Dist. LEXIS 17387, *17 (E.D. Pa. Nov. 9, 1999). Plaintiffs, however, did not plead a claim for misappropriation of a trade secret. Their claim is for conversion only, which does not include the violation of a duty of confidentiality.[5] District courts within the Third Circuit have ruled that the Copyright Act preempts state law conversion claims regarding intangible property. See, e.g., Tegg Corp. v. Beckstrom Elec. Co., 2008 U.S. Dist. LEXIS 96467 (W.D. Pa.

---

5. Under Pennsylvania law, the elements to the tort of conversion are: (1) deprivation of another's right of property in, or use or possession of, (2) a chattel, (3) without the owner's consent, and (4) without lawful justification. See Stevenson v. Economy Bank of Ambridge, 197 A.2d 721, 726 (1964). The elements of a conversion claim under New York law are: (1) plaintiff's "legal ownership or an immediate superior right of possession to a specific identifiable thing" and (2) that the defendant "exercised an unauthorized dominion over the thing in question, to the alteration of its condition or to the exclusion of the plaintiff's rights." Independence Discount Corp. v. Bressner, 365 N.Y.S.2d 44, 46 (N.Y. App. Div. 1975).

Nov. 26, 2008); <u>Apparel Bus. Sys., LLC v. Tom James Co.</u>, 2008 U.S. Dist. LEXIS 26313 (E.D. Pa. Mar. 28, 2008); <u>Gemel Precision Tool Co., Inc. v. Pharma Tool Corp.</u>, 1995 U.S. Dist. LEXIS 2093 (E.D. Pa. Feb. 13, 1995).  We will dismiss plaintiffs' claim for theft by conversion.